**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 14-cr-00442-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. BIJON SEKOU MASSIE MARSHALL,

      Defendant.

## ORDER DETERMINING COMPETENCY

**Blackburn, J.**

On January 13, 2016, this matter came before me for a status conference in the context of pending competency proceedings. I confirmed that counsel had received and reviewed the **Forensic Evaluation** of Dr. Jessica Micono [#39] filed (under restriction on December 14, 2015. Counsel authorized me to enter a finding of competency based upon the evaluation; thus, obviating the necessity for a more formal competency hearing under 18 U.S.C. §§ 4241 and 4247(d).[1]

Having judicially noticed all relevant adjudicative facts in the file and record *pro tanto*; and having considered the **Forensic Evaluation** [#39], I enter the following findings of fact,[2] conclusions of law, and orders to confirm and supplement those entered from the bench in open court.

**FINDINGS AND CONCLUSIONS:**

---

[1] The determination of the mental competency of a defendant in a criminal case is governed by 18 U.S.C. § 4241, as codified and construed.

[2] My findings of fact are supported by a preponderance of the evidence as required, in part, by 18 U.S.C. § 4241(d).

1. On October 15, 2015, I entered an **Order For Competency Examination and Determination** [#35], granting the **Defendant's Motion for Mental Health Evaluation** [#34] filed October 14, 2015, on behalf of Mr. Marshall.

2. Pursuant to my order and 18 U.S.C. § 4247(b), Jessica Micono, Psy.D., a forensic psychologist with the Federal Bureau of Prisons, conducted a psychological, *i.e*, competency, examination of the defendant.  On December 14, 2015, I received and reviewed Dr. Micono's **Forensic Evaluation**, *i.e.*, competency examination report, [#39]. The report included the information, diagnosis, and opinions required pursuant to the provisions of 18 U.S.C. § 4247(c)(1)-(4).  With the blessings of the parties, I may and do approve, adopt, and incorporate the findings, diagnoses, and opinions of Dr. Micono, who opines that Mr. Marshall is competent to proceed.

3.  The defendant, Bijon Sekou Massie Marshall, is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Therefore, Mr. Marshall is competent to proceed.

4. Pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay from the filing of defendant's motion [#34] on October 14, 2015, to the date of the competency hearing on January 13, 2016, resulting from these competency proceedings should be excluded in computing the time within which the trial must commence under 18 U.S.C. § 3161(c).

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant, Bijon Sekou Massie Marshall, is declared competent to proceed;

2. That pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay from the filing of defendant's motion [#34] on October 14, 2015, to the date of the competency hearing

on January 13, 2016, resulting from these competency proceedings shall be excluded in computing the time within which trial must commence under 18 U.S.C. § 3161(c); and

    3.  That the custody of the defendant is remanded to the United States Marshal for continued detention.

    Dated January 13, 2016, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge